EKELMAN *v.* MURRAY.

1. SPECIFIC PERFORMANCE—LAND CONTRACT—EVIDENCE.

Finding of trial court in suit for specific performance of written land contract that plaintiff had made material misrepresentations to defendant by stating that latter's broker had sent plaintiff to defendant and recommended that defendant accept plaintiff's offer and, in reliance upon such fraudulent representations, defendant had accepted the offer *held*, to justify denial of relief to plaintiff under record presented, where the testimony was in conflict and the trial judge had the advantage of seeing the parties, observing the manner in which they testified, and noting their frankness or lack of it.

2. COSTS—BRIEFS.

No costs are allowed on affirmance of order dismissing bill for specific performance of a land contract, where appellee's counsel had not filed a brief.

Appeal from Wayne; Weideman (Carl M.), J. Submitted December 7, 1962. (Calendar No. 121, Docket No. 49,282.) Decided January 11, 1963.

Bill by Bernard Ekelman against Catherine Murray for specific performance of agreement to sell real estate. Bill dismissed. Plaintiff appeals. Affirmed.

*Bernard J. Fieger,* for plaintiff.

CARR, C. J. Plaintiff herein brought suit in circuit court, in equity, seeking the specific performance of

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 49 Am Jur, Specific Performance §§ 46–57.
[2] 49 Am Jur, Specific Performance § 176.

a written agreement for the purchase and sale of certain real estate in the city of Detroit. In his bill of complaint he asked, as an alternate remedy to specific performance, that he be awarded damages, or profits received by defendant as a result of the breach of the agreement by the latter. It was alleged that on the 9th of June, 1960, a written offer to purchase was submitted by plaintiff to defendant, which was accepted, the consideration named being the sum of $4,800. Subsequently, as plaintiff alleged, defendant refused to close the transaction. Plaintiff claimed he was ready and willing to perform.

Defendant by answer admitted that she signed the acceptance of the plaintiff's offer, but further asserted that her signature was secured through fraud and misrepresentations on the part of plaintiff, and that she was not given a copy of the purported contract as required by rules and regulations of the Michigan corporation and securities commission.[1] She admitted that she had refused to proceed with the transaction. By amended answer it was further pleaded that plaintiff had perpetrated a fraud by misrepresenting to defendant that he was sent to her by her agent, a real-estate broker, and that said broker had authorized plaintiff to advise defendant that he, said broker, recommended acceptance of plaintiff's offer, and that such representations were untrue and fraudulent.

The pretrial statement in the case defined the issues to be whether the plaintiff made the representations as alleged by defendant and whether such representations, if made, were in fact false, material, and relied upon to defendant's detriment. Said issues were submitted to the trial court who heard the case, plaintiff testifying at some length with reference to his claims as to the transaction. De-

_____
[1] AC 1954, § R 451.302.—REPORTER.

fendant was called for cross-examination under the statute,[2] and gave her version of the facts and the statements made by plaintiff to her to induce her to sign the agreement for the sale of her property for the amount indicated.

At the conclusion of plaintiff's proofs counsel for defendant moved for a directed verdict, presumably overlooking the fact that the suit was in equity rather than an action at law tried before a jury. The trial judge presiding at the hearing apparently concluded that the testimony of the parties to the suit fairly disclosed their respective claims, each having testified at some length. It was his finding that defendant's version of the transaction was correct, and that plaintiff had made the misrepresentations claimed with reference to the alleged approval of the offer by her agent and broker and his having authorized plaintiff to so inform defendant. Defendant's testimony clearly indicated that she had relied on the statements of plaintiff to her and that she had signed the acceptance of the offer accordingly. Her counsel was permitted to amend her answer in such manner as to ask the return of certain papers that had been delivered by defendant to plaintiff at the time of the signing of the acceptance. The decree entered ordered the dismissal of plaintiff's bill of complaint with the incidental relief sought by defendant. Plaintiff has appealed, seeking reversal of the decree.

The testimony of the parties to the case with reference to the alleged fraud and misrepresentations on the part of plaintiff was in direct conflict. Plaintiff denied stating to defendant that he was submitting his offer with the knowledge and approval of her broker and agent. It appears from her testimony, which the trial judge found to be true, that

---

[2] See CL 1948, § 617.66 (Stat Ann § 27.915).—REPORTER.

defendant had listed the real estate in question for sale with said broker, in whose judgment she apparently had confidence, and that affixed to the defendant's house was a sign indicating that it was for sale through said broker. Defendant testified on the witness stand that plaintiff had torn the sign from the house and destroyed it. Plaintiff either denied defendant's testimony as to material matters or professed lack of memory with reference thereto. Plaintiff admitted on the stand that he had expected to resell the property at a substantial advance in the price that he had offered defendant.

The question at issue before the trial judge with reference to the actual facts in the case related to which of the parties had testified to the correct version of what had actually occurred with reference to the transaction and the alleged fraudulent representations on the part of plaintiff. The judge had the advantage of seeing the parties and observing the manner in which they testified, and their frankness or lack of it. We cannot say that we would have reached a different conclusion than indicated in his opinion had we been in his position. Our examination of the record before us leads to the conclusion that his findings as to the facts were correct, and that he made a proper disposition of the case.

Defendant was entitled to know the truth with reference to the opinion, if such had been expressed, of her agent and broker with whom she had listed the property for sale. Under the circumstances the misstatements that plaintiff was charged with having made were material, and defendant's testimony clearly indicated that she relied thereon to her prejudice. Under the testimony as to the factual situation plaintiff was not entitled to the relief sought by him.

The decree of the trial court is affirmed but without costs, counsel for defendant not having filed a brief.

DETHMERS, KELLY, BLACK, KAVANAGH, SOURIS, and SMITH, JJ., concurred.

O'HARA, J., took no part in the decision of this case.